**UNITED STATES FIRE INSURANCE COMPANY, a Corporation, Appellee,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Appellant.**

**UNITED STATES FIRE INSURANCE COMPANY, a Corporation, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Appellee.**

Nos. 71–1421, 71–1395.

United States Court of Appeals, Eighth Circuit.

March 24, 1972.

J. H. Cunningham, Jr., Willson, Cunningham & McClellan, St. Louis, Mo., for appellant-appellee, Ins. Co. of North America, a Corp.

Leo M. Newman, Goldehersh & Newman, St. Louis, Mo., for appellee-appellant; Burton H. Shostak, Kramer, Chused, Kramer, Shostak & Kohn, St. Louis, Mo., for appellee-appellant on the Appeal.

Before GIBSON, HEANEY, and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal by both parties from a judgment against Insurance Company of North America (INA) on a fire insurance contract, in a suit brought by United States Fire Insurance Company (U.S. Fire) as subrogee. The district court's memorandum opinion is reported at 328 F.Supp. 43 (E.D.Mo.1971), and the facts are adequately discussed therein.

A fire insurance policy was issued by INA to Southern Universal Textile Processors (Southern), as part of a group of policies, covering fire losses to its goods and the goods of its customers at its Georgia plant. U.S. Fire likewise issued a policy to Mode Craft Company (Mode Craft), a customer of Southern, covering loss by fire to its goods being processed at Southern's plant. Both policies contained "Other Insurance" clauses, which the trial court determined to be mutually repugnant.

After fire destroyed Mode Craft's goods at Southern's plant, Mode Craft failed to submit a report of losses to Southern for coverage under the INA policy. Rather, it submitted a claim to U.S. Fire, which paid the loss and then brought this action against INA for recovery of its contractual percentage limit of the loss. Judge Harper found both policies applicable as primary coverage, and apportioned the loss equally between U.S. Fire and the insurance group of which INA was a 30% participant.

We find that Judge Harper properly interpreted the insurance contracts and applied the appropriate law, and we cannot say that his finding of fact as to the amount of actual loss sustained is clearly erroneous. Therefore, we affirm on the basis of his reported opinion.